UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **EJ LEJEUNE, individually and on behalf of all others similarly situated,** | **CIV. A. NO.** |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| **vs.** | **CLASS/COLLECTIVE ACTION** |
| **MAMMOTH ENERGY SERVICES, INC. d/b/a COBRA ENERGY and ESPADA LOGISTICS AND SECURITY GROUP, LLC** | **PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23** |
| **Defendants.** | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**I.    SUMMARY**

1.      EJ LeJeune ("LeJeune" or "Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages from Mammoth Energy Services, Inc. d/b/a Cobra Energy ("Cobra") and Espada Logistics and Security Group, Inc. ("Espada") (collectively, "Defendants") under the provisions of section 216(b) of the Fair Labor Standards Act (the "FLSA"), as amended 29 U.S.C. §§ 201, et seq. and the Puerto Rico Wage Payment Statute (the "PRWPS"), 29 L.P.R.A. §§ 171, et seq., §§ 250, et seq., and §§ 271, et seq.

2.      Plaintiff and those similarly situated regularly worked for Defendants in excess of 40 hours each week. As shown below, Defendants failed to properly compensate Plaintiff and all other similarly situated workers.

3.      Instead, during the relevant time period Defendants paid Plaintiff, and other workers like him a day rate regardless of the number of hours worked regardless of his classification as an employee or independent contractor.

## II. JURISDICTION AND VENUE

4.        This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5.        Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

6.        The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any sub-class pursuant to 28 U.S.C. § 1367.

7.        Defendant Espada maintains its headquarters in this District and Division. Cobra conducts substantial business in this District and Division.

## III. PARTIES

8.        Plaintiff is a resident of Louisiana. His written consent is attached as Exhibit A.

9.        Plaintiff worked as a paramedic for Defendants from February 2018 until February 2019 in Puerto Rico.

10.        Plaintiff would provide medical services to those individuals who were injured as a result of, or in the wake of Hurricane Irma and Maria.

11.        Initially, Plaintiff was classified as an independent contractor and paid a day rate of $327 regardless of the number of hours he worked.

12.        Later during his employment with Defendants, Plaintiff was reclassified as a W-2 employee and paid a day rate of $274 regardless of the number of hours he worked.

13.        Regardless of his classification, Plaintiff normally worked 8-12 hours a day six to seven days a week.

14.        Plaintiff was not paid overtime for hours worked over 40 in a workweek.

15.        Plaintiff brings this action individually and on behalf of all other similarly situated workers (regardless of employee or independent contractor classification) who were paid by

2

Defendants' day-rate system.  Defendants paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek. The class of similarly situated employees or potential class members sought to be certified is defined as follows (the "Day Rate Class"):

> **All workers employed by or on behalf of Cobra Energy and/or Espada Security and Logistics who were paid a day-rate.**

16.      Plaintiff further seeks class certification pursuant to FED. R. CIV. P. 23 under Puerto Rico Law (the "Puerto Rico Class").

17.      Plaintiff also brings this action on behalf of themselves and on behalf of the Puerto Rico Class:

> **All workers employed by or on behalf of Cobra Energy and/or Espada Security and Logistics who were paid a day-rate in Puerto Rico.**

18.      The Day Class Members and Puerto Rico Class Members are collectively referred to as the "Putative Class Members."

19.      Defendant Mammoth Energy Services, Inc. d/b/a Cobra Energy is an Oklahoma Corporation that can be served through its registered agent Corporation Service Company d/b/a CSC – Lawyers Inco, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

20.      Defendant Espada Security and Logistics Services, Inc. may be served through its registered agent Jennifer G. Jorrie at 20614 Stone Oak Parkway, APT 1124 San Antonio, Texas 78258.

## IV. COVERAGE UNDER THE FLSA

21.      At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22.      At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23.      At all times hereinafter mentioned, Defendants have been part of an enterprise

engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce - such as construction equipment, hand tools, computers, automobiles, and cell phones – by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

24.     At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

25.     At all times hereinafter mentioned, Defendants have been an employer within the meaning of 29 L.P.R.A. § 250b.

26.     At all times hereinafter mentioned, Plaintiff and the Putative Class Members were employees within the meaning of 29 L.P.R.A. § 250b.

27.     As will be shown through this litigation, Defendants treated Plaintiff, and indeed all Putative Class Members that were classified as independent contractors or employees and paid a daily rate without overtime compensation.

28.     Defendants' misclassification of Plaintiff and the Putative Class Members as independent contractors does not alter their status as employers for purposes of this FLSA collective or class action.

## V.     FACTS

29.     Following the massive devastation caused by Hurricane Irma and Hurricane Maria, FEMA and other state and federal governmental departments, such as the Department of the Army implemented programs to provide aid and repairs to Puerto Rico.

30.     Cobra Energy is a full service Infrastructure, Construction Company centering on most facets of the utility industry, focusing on Transmission and Distribution (T&D) networks.[1]

31.     ESPADA is a international service company, providing expert security measures, logistical processes, emergency evacuations and institutional training curriculum, enabling companies to concentrate on their core business.[2]

32.     To implement this work, the Defendants hired workers such as Plaintiff to perform skilled and manual labor to provide paramedic and security services.

33.     For part of this work, Plaintiff and the Putative Class Members were misclassified as independent contractors.

34.     Regardless of employee or independent contractor classification, Defendants paid the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

35.     The Defendants' pay practices violate the FLSA and Puerto Rico wage laws.

36.     Plaintiff and the Putative Class Members generally provided labor, security, and/or paramedic services in connection with restoration of power in Puerto Rico after the hurricanes. Initially, some were classified as independent contractors and then switched to employees – but they were all paid a day rate by Defendants.

37.     Plaintiff and the Putative Class Members had no power to hire or fire other workers. All aspects of their work were controlled by the Defendants.  The Defendants retained the authority to hire and fire, they issued pay, supervised, controlled, and directed Plaintiff and the Putative Class Members, and they controlled all aspects of Plaintiff and the Putative Class Members' job activities.

---

[1] https://www.mammothenergy.com/divisions/cobra-energy/
[2] http://www.espadaservices.com/about/

38.     Defendants set Plaintiff and the Putative Class Members' rates of pay and work schedule and prohibited them from working other jobs for other companies while they were working on jobs for Defendants. Defendants directly determined Plaintiff and the Putative Class Members' opportunity for profit and loss. Plaintiff and the Putative Class Members' earning opportunity was based on the number of days Defendants scheduled them to work.

39.     Defendants ordered the hours and locations Plaintiff and the Putative Class Members worked, tools used, and rates of pay received.

40.     Plaintiff and the Putative Class Members were economically dependent on Defendants during their employment.

41.     Plaintiff and the Putative Class Members did not incur operating expenses like rent, payroll, marketing, and insurance.

42.     No real investment was required of Plaintiff or the members of the Putative Class to perform their jobs; they did not bring building supplies, tools, or equipment to the island.  These items were provided by Defendants or its clients.

43.     The job functions of Plaintiff and the members of the Putative Class were primarily manual labor/technical in nature, requiring little to no official training or other advanced degree.

44.     The members of the Putative Classes did not have any supervisory or management duties.  Finally, for the purposes of their overtime claims, the members of the Putative Class performed substantially similar job duties related to security or medical services in Puerto Rico's recovery efforts.

45.     All of the members of the Putative Class performed the same or similar job duties and are subjected to the same or similar policies and procedures, which dictate the day-to-day activities performed by each person.

46.     The members of the Putative Class also worked similar hours and were denied

overtime as a result of the same illegal pay practice. They all worked in excess of 40 hours each week and were often scheduled for 12 hour shifts for weeks at a time. Instead of paying them overtime, Defendants paid the members of the Putative Classes a day-rate regardless of classification.

47.     Defendants' policy of failing to properly pay its independent contractors, including Plaintiff, violates the FLSA because these workers are, for all purposes, employees performing non-exempt job duties.

48.     Defendants' day-rate system pay practices violate the FLSA because Plaintiff and the Putative Class Members did not receive the correct amount of pay for hours worked over 40 hours each week.

## VI.     FLSA VIOLATIONS

49.     As set forth herein, Defendants have violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

50.     Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Defendants' failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

51.     Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages, plus liquidated damages, attorney's fees and costs.

## VII. PUERTO RICO VIOLATIONS

52.     Plaintiff bring this claim under Puerto Rico law as a Rule 23 class action.

53.     Puerto Rico law requires employers like Defendants to pay employees at one and one-

half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Defendants were subject to Puerto Rico Law and Plaintiff and the Puerto Rico Class Members are entitled to overtime pay under this law. P.R. Laws Ann. tit. 29 § 271 et seq ("Law 379").

54. Defendants have violated Puerto Rico law by failing to compensate their employees for hours worked in excess of 40 hours per week at rates less than 1 and ½ times the regular rates for which they were employed.

55. Puerto Rico Code 29 L.P.R.A. § 171, et seq., limits the deductions that can be taken from a worker's wages. Defendants made illegal deductions from the wages of Plaintiff and the Puerto Rico Class Members. These deductions were not authorized and were done willfully.

56. Puerto Rico Code 29 L.P.R.A. § 173 requires employers to pay their employees for all hours worked, at intervals not to exceed 15 days. If employee is dismissed from work, he must be paid no later than the next official payday. Defendants regularly and willfully failed to properly pay Plaintiff and the Puerto Rico Class Members and failed to do so in the time required. Puerto Rico Code provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages of an amount equal to the amount owed, costs, attorney's fees, and other appropriate relief. 29 L.P.R.A. § 177.

57. Puerto Rico Code 29 L.P.R.A. § 185a, et seq., applies to protect workers from wrongful discharge. Any employee who is terminated without just cause is entitled to mandatory severance under Puerto Rico law. "Just cause for discharge of an employee shall be understood to be that which is not based on legally prohibited reasons and on a whim of the employer." 29 L.P.R.A. § 185b. Defendants willfully violated these statutes when Plaintiff or the Puerto Rico Class Members were terminated without just cause and not paid the required severance.

58. Puerto Rico Code 29 L.P.R.A. § 250 et seq., mirrors the federal requirements for minimum wage. On several occasions, Defendants failed to pay members of the class for hours

worked. These class members regularly performed manual labor for 10 and 12 hour periods per day but were underpaid or not paid for altogether for this work. Defendants willfully violated these sections by failing to pay Plaintiff and the Puerto Rico Class Members for all hours worked.

59.     Puerto Rico Code 29 L.P.R.A. § 271, et seq., mandates that regular working hours for non-exempt employees are eight (8) hours per day, and forty (40) hours per week. All hours worked in excess of eight hours in any work day or forty hours in a week must be compensated as overtime. 29 L.P.R.A. § 273(a), §274. Defendants willfully violated these sections by failing to properly compensate Plaintiff and the Puerto Rico Class Members for all hours actually worked in excess of eight per day or forty per week. Plaintiff and the Puerto Rico Class Members regularly worked in excess of 12 hours per day, 6-7 days per week.

60.     Puerto Rico Code 29 L.P.R.A. § 283 regulates the meal periods granted to workers. All non-exempt employees are entitled to 1 hour for a meal, to be taken between the third and sixth consecutive hours of work. An "employer who requires or allows an employee to work for a period longer than five (5) consecutive hours, without providing a meal period, must pay the employee an extraordinary compensation for the time worked" at a rate of one and a half times the regular rate of pay. *Id.* Defendants willfully violated this section by requiring or failing to allow Plaintiff and the Puerto Rico Class Members their regular meal periods.

61.     Puerto Rico Code 29 L.P.R.A. § 501, et seq., requires employers to pay workers who have worked a certain number of hours a bonus (commonly called a "Christmas Bonus"). This bonus is provided in addition to any other wages or benefits of any other kind to which an employee is entitled. *Id.* Defendants employed the requisite number of workers, but willfully failed to pay a bonus to those Puerto Rico Class Members who qualified.

62.     As a result of Defendants willful violations of the applicable Puerto Rico Labor Laws, Plaintiff and the Puerto Rico Class Members are entitled to recover their respective unpaid

compensation, liquidated damages (double damages), as provided for by the Puerto Rico Labor Law, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

63.     Accordingly, Plaintiff and the Puerto Rico Class Members are entitled to overtime wages under Puerto Rico law in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VIII.   CLASS AND COLLECTIVE ACTION ALLEGATIONS

64.     Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendants imposed on Plaintiff were likewise imposed on the Putative Class Members.

65.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and Puerto Rico law.

66.     Numerous other individuals who worked with Plaintiff indicated they were improperly classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

67.     Others complained that they were classified as employees, performed the exact same duties and were paid a day rate regardless of the number of hours worked.

68.     Based on their experiences and tenure with Defendants, Plaintiff are aware that Defendants' illegal practices were imposed on the Putative Class Members.  At this time, numerous employees of Defendants have opted in to this litigation.

69.     Regardless of classification, members of the Day Rate Class were all not afforded the overtime compensation when they worked in excess of 40 per week.

70.     Defendants' failure to pay appropriate wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

71.      Plaintiff's experiences are therefore typical of the experiences of the Putative Class Members.

72.      The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

73.      Plaintiff has no interests contrary to, or in conflict with, the Putative Class Members. Like each member of the Putative Class, Plaintiff has an interest in obtaining the unpaid overtime wages owed under federal law.

74.      A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

75.      Absent this action, many members of the Putative Class likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA and Puerto Rico law.

76.      Furthermore, even if some of the members of the Putative Class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

77.      Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

78.      The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a)   Whether Defendants employed the members of the Classes within the meaning of the FLSA or Puerto Rico Law;

b)   Whether the members of the Classes were improperly misclassified as independent contractors;

11

c) Whether Defendants' decision to classify the members of the Classes as independent contractors was made in good faith;

d) Whether Defendants' decision to not pay the correct amount for overtime to the members of the Classes was made in good faith;

e) Whether Defendants' decision to pay employees a day rate was made in good faith;

f) Whether Defendants' violation of the FLSA was willful; and

g) Whether Defendants' illegal pay practices were applied uniformly to all members of the Classes.

79. Plaintiff's claims are typical of the claims of the Putative Class Members. Plaintiff and the Putative Class Members sustained damages arising out of Defendants' illegal and uniform employment policy.

80. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

81. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## IX.    JURY DEMAND

82. Plaintiff demands a trial by jury.

## X.    RELIEF SOUGHT

83. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a. For an Order designating the Day Rate Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely

FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.     For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and the Putative Classes for liquidated damages equal in amount to their unpaid compensation;

c.     For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

d.     For an Order appointing Plaintiff and his counsel as Class Counsel to represent the interests of the both the federal and Puerto Rico Class;

e.     For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

f.     For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Michael A. Josephson*
Michael A. Josephson
Texas Bar No. 24014780
Richard M. Schreiber
State Bar No. 24056278
Andrew Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:      (713) 877-8788
Telecopier:      (713) 877-8065
rburch@brucknerburch.com