IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EJ LEJEUNE, individually and on behalf of all others similarly situated, | § § § | CIV. NO.: 5:19-cv-00286-DAE |
| Plaintiff | § § | JURY TRIAL DEMANDED |
| v. | § § | CLASS COLLECTIVE ACTION |
| COBRA ACQUISITIONS LLC; ESPADA LOGISTICS AND SECURITY GROUP, LLC; ESPADA CARIBBEAN, LLC; JAMES JORRIE; and JENNIFER GAY JORRIE | § § § § § § | PURSUANT TO 29 U.S.C. § 216(b) / FED. R. CIV. P. 23 |
| Defendants. | § | |

**DEFENDANT ESPADA LOGISTICS AND SECURITY GROUP, LLC AND DEFENDANT COBRA ACQUISITIONS LLC'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, RULE 12(e) MOTION FOR MORE DEFINITE STATEMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW defendants ESPADA Logistics and Security Group, LLC ("ESPADA") and Cobra Acquisitions LLC ("Cobra") (hereinafter collectively "Defendants") and file this their Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint ("Complaint"),[1] or, alternatively, their Motion for Definite Statement pursuant to Rule 12(e). Espada and Cobra respectfully show as follows:

**I.   NATURE OF PROCEEDINGS**

Plaintiff EJ LeJeune (hereinafter "LeJeune") filed this lawsuit against ESPADA, Cobra, ESPADA Caribbean, LLC ("ESPADA Caribbean"), James Jorrie, and Jennifer Gay Jorrie, asserting claims against all defendants under the Fair Labor Standards Act, 29 U.S.C. §203 *et*

---

[1] Doc. No. 40.

*seq.* ("FLSA") and under the laws of the Commonwealth of Puerto Rico.[2] Plaintiff's allegations are based on an alleged failure, apparently by all defendants, to pay wages and overtime to him in accordance with those laws. He purportedly brings these claims on his behalf and on behalf of "all others similarly situated." However, because LeJeune has failed to plead his causes of action with the requisite level of specificity, he has failed to state a plausible claim for relief, and his Complaint should be dismissed pursuant to Rule 12(b)(6). In the alternative, LeJeune should be required to amend his complaint in accordance with Federal Rules of Civil Procedure 8 and 12.

## II.   ISSUES TO BE RULED ON

In this lawsuit, LeJeune seeks certification of a collective action under Section 16(b) of the FLSA, as well as certification of a Rule 23 class action; a final judgment for allegedly unpaid back wages and liquidated damages in an equal amount; and a judgment for attorney's fees, costs, and pre- and post-judgment interest.[3] However, LeJeune's pleading lumps all five defendants together in a conclusory fashion in almost every regard, and furthermore, LeJeune (a) fails to allege any facts to support any claim that he has an employment relationship with ESPADA or Cobra, and (b) fails to state factual allegations that were sufficient to pass muster under Federal Rules of Civil Procedure 8 and 12(b)(6). Therefore, ESPADA and Cobra are entitled to dismissal of the claims against them.

In the alternative, the allegations in LeJeune's complaint are so vague and ambiguous that ESPADA and Cobra cannot reasonably prepare a response. Thus, should the Court decline to

---

[2]   To the extent the laws of Puerto Rico, specifically 29 P.R.L.A. §271 *et seq.*, regulate and refer to the same issues as the FLSA, they are to be "interpreted consistently with said federal regulations." *See* 29 P.L.R.A. §122l.
[3]   Doc. No. 40 at 131.

2

2775394v.2

dismiss the case, it should nonetheless require LeJeune to re-plead his complaint and provide a more definite statement under Federal Rule of Civil Procedure 12(e).

### III.   ARGUMENT AND AUTHORITIES

**A.   Legal Standard—Rule 12(b)(6) and Rule 12(e).**

The purpose of a motion to dismiss under Rule 12(b)(6) is to dispose of suits which do not plead enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).[4]  In cases brought under the FLSA, "[a]lthough the Fifth Circuit has not yet addressed the type of specificity required when pleading [a claim under the FLSA for unpaid overtime]," a plaintiff must still allege more than general, conclusory allegations that they have worked more than 40 hours a week. *Fernandez v. JaniKing Int'l, Inc.*, No. H-17-1401, 2018 WL 539364, at *4 (S.D. Tex. Jan. 8, 2018), *report & recommendation adopted sub nom. Fernandez v. Jani-King Int'l, Inc.*, 2018 WL 542283 (S.D. Tex. Jan. 23, 2018).

In considering a motion under Rule 12(b)(6), the "court accepts all <u>well-pleaded</u> facts as true, viewing them in the light most favorable to the plaintiff." *Katrina Canal Breaches Litig.*, 495 F.3d at 205 (emphasis added). To survive dismissal, the "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*.  Dismissal is proper, however, if the complaint does not allege a required element necessary to obtain relief. *Blackburn v. City of Marshall, Tex.*, 42 F.3d 925, 931 (5th Cir. 1995).

---

[4]   *See also Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces […] demands more than an unadorned the-defendant-unlawfully-harmed-me accusation.")

2775394v.2

Under Rule 12(e), a party is entitled to a more definite statement when a pleading or any portion thereof "is so vague or ambiguous that the [responding] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Whether to grant a motion for more definite statement is within the Court's sound discretion. *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir.1959); *Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Res.*, 313 F. Supp. 2d 648, 653–54 (N.D. Tex.2004). A motion under Rule 12(e) is the proper remedy where allegations in a complaint are "conclusory, confused, and unclear," but do not "justify dismissal of the suit on the merits and without leave to amend." *See Cates v. Int'l Tel. & Tel. Corp.*, 756 F.2d 1161, 1180 (5th Cir.1985).

**B.     By Simply Lumping All Defendants Together in his Complaint, LeJeune Has Failed to Satisfy the Pleading Standard of the Federal Rules.**

Throughout his Complaint, LeJeune makes conclusory, bare-bones allegations against all five defendants, with no differentiation between them. By simply lumping the defendants together in a conclusory fashion and asserting each and every legal and factual allegation against all five of them, LeJeune deprives ESPADA, and the other defendants, of the ability to address the allegations. These collectively pleaded allegations are insufficient as a matter of law, and they cannot state a plausible claim of employer liability under the FLSA.

It is not enough for an FLSA plaintiff to simply allege, in a conclusory manner, that multiple defendants are a plaintiff's employer within the meaning of the FLSA. *Fernandez*, 2018 WL 539364, at *2. Instead, "[w]here a complaint seeks to hold more than one employer liable under the FLSA, some facts at least of the employment relationship must be set forth in order to make out a facially plausible claim of multiple employer liability under the FLSA." *Kaminski v. BWW Sugar Land Partners*, No. H-10-551, 2010 WL 4817057, at *2 (S.D. Tex. Nov. 19, 2010); *see also Joaquin v. Coliseum Inc.*, No. 15-CV-787-LY, 2016 WL 3906820, at *8

4

(W.D. Tex. Jul. 13, 2016) (dismissal appropriate where Plaintiff fails to provide "factual allegations as to how the events that gave rise to this lawsuit were allocated [among] the [various] defendants ... [or] how his employment was handled generally."), *report & recommendation adopted sub nom. Joaquin v. Hinojosa*, 2016 WL 7647630 (Aug. 2, 2016).

LeJeune has failed to identify any facts underlying an employment relationship between himself and ESPADA or Cobra—or, for that matter, between himself and any of the other defendants. Nor has LeJeune properly stated factual or legal claims against ESPADA, Cobra, ESPADA Caribbean, or either individual defendant. Instead, LeJeune has summarily and conclusorily made allegations regarding the conduct of "the Defendants," without making any delineation about which defendant he accuses of what behavior.[5] More specifically, LeJeune fails to differentiate at all between the five defendants in this case as regards the respective ability (or not) of each to hire or fire him,[6] set his schedule and the terms of his compensation,[7] and direct his work.[8] In none of these instances has LeJeune provided this Court with any facts that would establish an employment relationship with each defendant on an individual, defendant-by-defendant basis. Similarly, LeJeune's legal allegations are collectively pleaded against all defendants.[9]

---

[5] The Complaint is shot through with this insufficiency. *See* Doc. No. 40 at ¶¶2-3, 9, 12, 15, 19-23, 64-66, 68, 70-71, 78-80, 82-84, 88, 90-92, 96-98, 102-110 (all referring, in general, to "Defendants.").

[6] Doc. No. 40 at ¶78 ("Upon receipt of employment applications, **Defendants** coordinated Plaintiff's and Putative Class Members' travel details to Puerto Rico and provided them with transportation.") (emphasis added).

[7] Doc. No. 40 at ¶88 (alleging "[…] **Defendants** directly determined Plaintiff and the Putative Class Members' opportunity for profit and loss. In this regard, **Defendants** set Plaintiff's and the Putative Class Members' rates of pay and work schedule […] Plaintiff and the Putative Class Members' earning opportunity was based on the number of days **Defendants** scheduled them to work.") (emphasis added).

[8] *See, e.g.*, Doc. No. 40 at at ¶¶78-84, 88 (all references to "the Defendants," collectively).

[9] *See* Doc. No. 40 at at ¶¶97-99 (alleging collective violations of the FLSA by "Defendants"); ¶¶100-111 (each and every allegation of violations of Puerto Rico law made by LeJeune against all

LeJeuene has collectively pleaded each and every factual and legal allegation he makes in this lawsuit, failing to make any distinction between the defendants in this legal action. This type of pleading is insufficient, and on this basis alone, the Complaint is subject to dismissal. *See Fernandez*, 2018 WL 539364, at *2 (citing *Kaminski*, 2010 4817057 at *2).

**C.     The Complaint Does Not Contain Sufficiently Developed Factual Allegations.**

To the extent it simply recites, in a threadbare and conclusory fashion, the elements of an FLSA claim (rather than facts necessary to state a sufficient basis for an unpaid overtime claim under the FLSA), the Complaint is further deficient and subject to dismissal under Rule 12(b)(6). "Although the Fifth Circuit has not yet addressed the type of specificity required when pleading an FLSA overtime claim, District Courts generally require plaintiffs to include more than generalized and conclusory allegations that they have worked in excess of forty hours a week." *Fernandez*, 2018 WL 539364, at *4 (citing *Coleman v. John Moore Servs., Inc.*, No. H-13-2090, 2014 WL 51290, at *4 (S.D. Tex. Jan. 7, 2014)). An FLSA plaintiff must provide more than "an 'all purpose pleading template' with allegations providing no factual context and no way for the court to determine that the plaintiff has stated a claim as opposed to repeating the statutory elements of the cause of action." *Coleman*, 2014 WL 51290, at *4.

Here, LeJeune alleges only in the most general fashion that he "normally worked 8-12 hours a day six to seven days a week,"[10] and that he "was not paid overtime for hours worked over 40 in a workweek."[11] However, he fails to provide even a single concrete, specific example of when this may have occurred—or even an estimate of his allegedly unpaid time—to substantiate his claims. Numerous courts around the country have held that these types of

---

Defendants); ¶¶112-129 (all collective action and Puerto Rico law-based collective action claims plead against all Defendants).
[10]     Doc. No. 40 at ¶13.
[11]     Doc. No. 40 at ¶14.

barebones allegations are insufficient. *See Fernandez*, 2018 WL 539364, at *4; *Coleman*, 2014 WL 51290, at *4; *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013) (dismissal under Rule 12(b)(6) warranted where plaintiff's allegations merely tracked the statutory language of the FLSA, rephrased the §207(a)(1) formulation, and did not "estimate her hours in any or all weeks or provide any other factual context or content"); *Pruell v. Caritas Christi*, 678 F.3d 10, 12 (1st Cir. 2012) (allegations that plaintiffs "'regularly worked' over 40 hours a week and were not compensated for such time" were, without more, inadequate to establish an FLSA claim).[12]

Plaintiff must properly allege that each defendant—ESPADA, Cobra, ESPADA Caribbean, and the two individuals Plaintiff names—actually fall within the requirements of the FLSA and the Puerto Rico statutes and are covered by them; however, by merely raising all factual and legal allegations against all five defendants in general, Plaintiff has failed to provide the Court with a sufficient factual basis to consider the factors of the economic reality test as to each defendant. *See Williams v. Superior Hospitality Staffing Inc.*, No. 18-2793, 2019 WL 118013, at *4 (E.D. La. Jan. 7, 2019) ("The FLSA concept of 'enterprise' does not abrogate the need for the plaintiff to show that he suffered injury at the hands of each individual defendant, even if the defendants are related corporations.") (quoting *Joaquin*, 2016 WL 3906820, at *5-6). "At a minimum, Plaintiff[] should endeavor to explain what role each Defendant played … rather than grouping them together at all times." *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-3435, 2015 WL 3833447, at *6 (S.D. Tex. Jun. 22, 2015).  That is because, in FLSA

---

[12]   *See also Pruell*, 678 F.3d at 14 ("Arguably, once the complaint was amended to allege regular work by plaintiffs and others of more than 40 hours a week, it now described a mechanism by which the FLSA *may have been violated* as to those who worked through their lunches. But such persons could still have been properly compensated under the FLSA[.] […] Yet even the amended complaint does not provide examples (let alone estimates as to the

7

cases where a plaintiff claims to be employed by more than one employer, the court must apply the economic reality test to each individual or entity alleged to be an employer. *Watson v. Graves*, 909 F.2d 1549, 1556 (5th Cir. 1990).[13]

Plaintiff has offered no particularized characteristics of each defendant's alleged connection to him, in whether and how each played a role in his hiring; had the ability to fire him; supervised him; controlled his schedule and duties; and had authority to determine what, how, or when he was paid. *See Gill v. Bennett*, No. 4:17-cv-00611-O-BP, 2018 WL 1663287, at *4 (N.D. Tex. Apr. 6, 2018). Similarly, the Complaint fails to even properly state <u>which</u> defendant LeJeune alleges required him to allegedly work in excess of forty hours per week. *See Escobedo v. Metal Protective Coating Professionals, Inc.*, No. 4:13-cv-2405, 2013 WL 6504675, at *2 (S.D. Tex. Dec. 11, 2013). This failure to provide sufficient detail robs the Court of the ability to apply the economic reality test to each defendant, and it is precisely "this lumping together that makes the amended complaint deficient." *See Washington v. Patterson-UTI Energy, Inc.*, No. 5:16-CV-130-RP, 2016 WL 3081060, at *3 (W.D. Tex. May 31, 2016).

Rather than provide "factual allegations as to how the events that gave rise to this lawsuit were allocated [among] the [ ] defendants ... [or] how his employment was handled generally," *Escobedo*, 2013 WL 6504675, at *2, Plaintiff's Complaint is an impermissible "shotgun pleading," wherein he asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *See, e.g., Hinojosa v. Livingston*, 807 F.3d 657, 684 (5th Cir. 2015) (Jones, J. dissenting); *see also Sahlein v. Red Oak*

---

amounts) of such unpaid time for either plaintiff or describe the nature of the work performed during those times.") (italic emphasis in orig.).

[13] In the economic reality test applied in the Fifth Circuit, employer status under the FLSA may be established if the entity: (1) possessed the authority to hire or fire employees; (2) supervised or controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012).

8

*Capital, Inc.*, No. 3:13-CV-00067-DMB-JMV, 2014 WL 3046477 at *4 (N.D. Miss. Jul. 3, 2014) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the] complaint failed to satisfy [Rule 8].") (quoting *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2nd Cir. 2001). Given the weight of authority and the dearth of clear factual statements in the Complaint, the Court would be well within its right to order the Complaint dismissed. Espada respectfully urges this Court to take that step and to dismiss this case with prejudice, pursuant to Rule 12(b)(6).

D. **In the Alternative, LeJeune Should be Required to Amend His Complaint to Comply with the Requirements of Notice Pleading**.

Should the Court decline to dismiss the Complaint, it should nonetheless require him to re-plead it pursuant to Federal Rule of Civil Procedure 12(e), because it is so vague and ambiguous that Espada and Cobra cannot reasonably prepare a response to it. As discussed above, LeJeune's complaint recites a litany of charges against "the Defendants" in this case collectively, but in no instance does he identify any conduct by ESPADA or Cobra from which it could be inferred that (a) ESPADA or Cobra was his employer under the FLSA, or (b) ESPADA or Cobra took any step that violated the FLSA, the Puerto Rico wage laws, or both. As currently drafted, the Complaint is so vague and ambiguous that ESPADA and Cobra are left to guess at the nature of his specific claims against them. If the Court determines its corrective actions should stop short of granting this motion to dismiss under Rule 12(b)(6), this Court should still require LeJeune to amend his Complaint. *See Turner v. Pavlicek*, No. H-10-00749, 2011 WL 4458757, at *16 (S.D. Tex. Sept. 22, 2011) ("parties may rely on Rule 12(e) as a way to enforce the minimum requirements of notice pleading").

## IV.   CONCLUSION AND PRAYER

Plaintiff EJ LeJeune failed to plead his claims under the FLSA and Puerto Rican wage laws with the specificity required under the Federal Rules of Civil Procedure.  Therefore, defendants ESPADA Logistics and Security Group, LLC and Cobra Acquisitions LLC request that the Court dismiss Plaintiff's First Amended Complaint without prejudice.  In the alternative, Plaintiff should be made to re-plead his claims, to provide the level of detail required under Rule 8 and the well-settled precedent of the United States Supreme Court and the Fifth Circuit.

Defendants ESPADA Logistics and Security Group, LLC and Cobra Acquisitions LLC respectfully further request all such other remedies to which they may be entitled, whether in law or in equity.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

By:   */s/ Linda P. Wills*
Linda P. Wills
State Bar No. 21661400
Federal Bar No. 12566
909 Fannin, Suite 3300
Houston, Texas  77010
Telephone: 713-353-2000
Facsimile   713-785-7780
Linda.Wills@WilsonElser.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT ESPADA LOGISTICS AND SECURITY GROUP, LLC**

**OF COUNSEL:**

Nathan Prihoda
State Bar No. 24068070
**WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER, LLP**
909 Fannin St., Suite 3300
Houston, Texas  77010
Telephone: 713-353-2000
Facsimile:  713-785-7780
Nathan.Prihoda@WilsonElser.com

Elvia E. Hague
State Bar No. 24083451
**WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER, LLP**
909 Fannin St., Suite 3300
Houston, Texas  77010
Telephone: 713-353-2000
Facsimile:  713-785-7780
Elvia.Hague@WilsonElser.com

        **AKIN GUMP STRAUSS HAUER
        & FELD LLP**

By:   */s/ Brian G. Patterson*
       Brian G. Patterson
       Texas Bar No. 24042974
       1111 Louisiana Street, 44th Floor
       Houston, TX  77002
       Telephone: 713-220-5800
       Facsimile   713-236-0822
       bpatterson@akingump.com

       **ATTORNEY-IN-CHARGE FOR DEFENDANT
       COBRA ACQUISITIONS LLC**

**OF COUNSEL:**
Joshua K. Sekoski (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER
& FELD LLP
2001 K Street, N.W.
Washington, DC 20006
Telephone: 202-887-4000
Facsimile: 202-887-4288
jsekoski@akingump.com

2775394v.2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was forwarded to all attorneys of record in accordance with the Federal Rules on this 16th day of August, 2019.

*Via CM/ECF*
Michael A. Josephson
Richard M. Schreiber
Andrew Dunlap
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
*Counsel for Plaintiff*

*Via CM/ECF*
Richard J. (Rex) Burch
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
*Counsel for Plaintiff*

*Via CM/ECF*
Brian G. Patterson
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1111 Louisiana Street, 44th Floor
Houston, Texas 77002

Joshua K. Sekoski
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2001 K Street, N.W.
Washington, DC 20006
*Counsel for Defendant Cobra Acquisitions LLC*

/s/ *Linda P. Wills*
**Linda P. Wills**