**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

**EJ LEJEUNE, individually and
on behalf of all others similarly
situated,**

          **Plaintiffs,**

v.                                                  **Case No. 5:19-CV-0286-JKP**

**COBRA ACQUISITIONS LLC, et al.,**

          **Defendants.**

## ORDER

On August 5, 2019, Plaintiffs filed an Amended Complaint (ECF No. 40) against five defendants. Defendants Espada Logistics and Security Group, LLC and Cobra Acquisitions LLC thereafter filed a *Motion to Dismiss or in the alternative Motion for More Definite Statement* (ECF No. 42). Pursuant to Fed. R. Civ. P. 12(b)(6), these two defendants seek dismissal of this action against them or, if the Court is not inclined to grant dismissal, they seek a more definite statement under Fed. R. Civ. P. 12(e). The motion is fully briefed and ready for ruling. Recently, Defendant Espada Caribbean LLC filed a *Motion to Dismiss or in the alternative Motion for More Definite Statement* (ECF No. 70). This latter motion is essentially identical to the earlier motion except for relating solely to Defendant Espada Caribbean LLC. Plaintiff has filed a response (ECF No. 76). There is no need to wait for a reply brief. *See* W.D. Tex. Civ. R. 7(f)(2) (permitting a ruling without waiting for a reply brief).

Movants primarily argue that the amended complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) because Plaintiffs lump all defendants together thus creating a deficient pleading. Alternatively, Movants seek to have Plaintiffs file a more definite statement pursuant to Fed. R. Civ. P. 12(e) due to ambiguities created by their pleading.

Under Fed. R. Civ. P. 12(b)(6), litigants may move to dismiss asserted claims for "failure to state a claim for which relief can be granted." Plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Facts alleged by the plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). As *Twombly* states, to avoid dismissal under Rule 12(b)(6), plaintiffs must allege facts that "nudge" an asserted claim "across the line from conceivable to plausible." 550 U.S. at 570. The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Id.* at 563 n.8.

After reviewing the briefing, Plaintiff's Amended Complaint (ECF No. 40), and the relevant law, the Court finds the amended complaint satisfies the well-established standards for stating a claim under *Twombly* and *Iqbal*. And while Fed. R. Civ. P. 12(e) permits parties to move for a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response," the Court finds the amended complaint neither so vague nor so ambiguous as to require the filing of a more definite statement. Movants can reasonably prepare

a response to the amended complaint in its current form. Consequently, the Court finds no need for a more definite statement.

Based on its review of the relevant pleading and briefing, the Court finds no need to engage in extensive discussion or analyzation of the legal or factual issues. But the Court will emphasize that Rule 12(b)(6) motions are naturally dependent on the facts alleged in a particular case. Thus, while citation to other cases may be helpful depending on the level of factual similarity, the courts make a case-by-case analysis to determine whether a particular pleading has stated enough facts to survive a motion under Rule 12(b)(6). In this case, Plaintiffs have made sufficient factual allegations against each defendant. That the amended complaint sometimes lumps the defendants together does not eliminate the more particularized allegations. Nor does lumping them together in some instances create confusion as to what Plaintiffs allege against each defendant. Plaintiffs provide enough individual factual allegations to distinguish their pleading from complaints that courts have found deficient.

For these reasons, the Court **DENIES** the *Motion to Dismiss or in the alternative Motion for More Definite Statement* (ECF No. 42) and **DENIES** the *Motion to Dismiss or in the alternative Motion for More Definite Statement* (ECF No. 70).

SIGNED this 16th day of January, 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE