UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**EJ LEJEUNE, individually and**
**on behalf of all others similarly**
**situated,**

      **Plaintiffs,**

**v.**                    Case No. 5:19-CV-0286-JKP

**COBRA ACQUISITIONS LLC, et al.,**

      **Defendants.**

## ORDER

The Court has under consideration *Defendant Espada Logistics and Security Group, LLC's ("Espada") Objections to Magistrate's Order on Defendant's Motion to Stay and Request for Modifications* (ECF No. 69).[1] Through counsel, Plaintiff EJ LeJeune and the putative class members have filed a response to the objections. *See* ECF No. 71. Espada has filed a reply brief. *See* ECF No. 74.

The objections relate to an order dated December 2, 2019, (ECF No. 64) that denied a Motion to Stay Proceedings in light of Currently Pending Arbitration (ECF No. 53). The parties agree that it was proper for the Magistrate Judge to rule on the filing as a non-dispositive matter.

### I. AUTHORITY OF MAGISTRATE JUDGE AND STANDARD OF REVIEW

Section 636(b)(1)(A) of Title 28 of the United States Code permits district judges to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for specifically listed motions that are not at issue here. The district judge may review and

---

[1] Although Defendant refers to a "Magistrate's" order, the enactment of the Magistrate Judge's Act, which became effective on December 1, 1990, changed references of "United States magistrate" to "United States magistrate judge." *See* 28 U.S.C. § 631 (historical and statutory notes). Consequently, proper usage requires more than simply referring to an individual as a magistrate or United States Magistrate. Each individual appointed as a United States Magistrate Judge is entitled to be properly referred to as a judge.

reconsider any pretrial matter decided by a magistrate judge under the authority of subparagraph (A) when "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Rule 72(a) of the Federal Rules of Civil Procedure provides further guidance as to reviewing non-dispositive pretrial orders of magistrate judges. It establishes a fourteen-day period for parties to object to such orders. And it mandates that the district judge "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Rule 72(a) and § 636(b)(1)(A) set out a "highly deferential standard [that] requires the court to affirm the decision of the magistrate judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)); *accord Gomez v. Ford Motor Co.*, No. 5:15-CV-866-DAE, 2017 WL 5201797, at *2 (W.D. Tex. Apr. 27, 2017) (same). With respect to reviewing a non-dispositive order of a magistrate judge, the following principles apply:

> The clearly erroneous standard applies to the factual components of the magistrate judge's decision. The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it. The legal conclusions of the magistrate judge are reviewable de novo, and the district judge reverses if the magistrate judge erred in some respect in [his or her] legal conclusions. [T]he abuse of discretion standard governs review of that vast area of choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous.

*Baylor Health Care Sys.*, 955 F. Supp. 2d at 689 (omitting citations and internal quotation marks while quoting *Arters v. Univision Radio Broadcasting TX, L.P.*, No. 3:07-CV-0957-D, 2009 WL 1313285, at *2 (N.D. Tex. May 12, 2009)). The clearly erroneous standard of review "does not

entitle the court to reverse or reconsider the order simply because it would or could decide the matter differently." *Gomez*, 2017 WL 5201797, at *2 (citing *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015)). To the contrary, "the great deference owed to the [magistrate] judge's findings compels the conclusion that [w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Guzman*, 808 F.3d at 1036 (citations and internal quotation marks omitted).

Consistent with § 636(b)(1) and Rule 72(a), the Court reviews the order entered by the Magistrate Judge and the objections thereto.

## II. MAGISTRATE JUDGE ORDER

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 3, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 208, Espada moved to stay the proceedings in this case pending resolution of currently pending arbitration it commenced against LeJeune in London, England. *See* Mot. Stay at 1-3. Citing § 3, it argues that, "[b]ecause there exists an issue referable to arbitration under a written arbitration agreement, the Court must stay the trial of this action and all proceedings herein until the arbitration has been had in accordance with the terms of the agreement." *Id.* at 4.

On December 2, 2019, the Magistrate Judge denied the motion for stay after a hearing. *See* Order (ECF No. 64). She recognized that "Espada moves for an order staying all proceedings in this case so that an arbitrator in London can adjudicate the overtime claims raised in this suit." *Id.* at 4. She further recognized that (1) LeJeune is a Louisiana resident, (2) Espada is a Texas-based company, (3) those parties executed two Independent Contractor Service Agreements that both contain identical arbitration provisions, (4) those agreements require that arbitration be conducted in accordance with terms of the London Maritime Arbitrators Association ("LMAA")

3

current at the commencement of arbitration proceedings; (5) Espada commenced arbitration proceedings in London, (6) the motion to stay relies on the enforceability of the arbitration provision, (7) the Federal Arbitration Act ("FAA") imposes a presumption favoring arbitration but such presumption arises only after the party seeking arbitration proves that a valid arbitration agreement exists, and (8) the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 governs arbitration agreements designating an international forum. *Id.* at 4-5.

The Magistrate Judge found the arbitration agreement unenforceable as currently written because it violates 9 U.S.C. § 202 in that it bears no reasonable relation to a foreign state, independent of the arbitration clause itself. *Id.* at 5-8. She next found that the Court lacks authority to rewrite the international arbitration clause at issue because Espada had not shown that the contractual arbitration location was merely a minor consideration and that the essence of the bargain was to engage in arbitration. *Id.* at 9-10. In making that finding, the Magistrate Judge relied on and applied *National Iranian Oil Co. v. Ashland Oil, Inc. [hereinafter NIOC]*, 817 F.2d 326 (5th Cir. 1987). *See id.*

As stated in *NIOC*, whether an "agreement to arbitrate is entire or severable turns on the parties' intent at the time of the agreement was executed, as determined from the language of the contract and the surrounding circumstances." 817 F.2d at 333. The party seeking to arbitrate must "show that the essence, the essential term, of the bargain was to arbitrate, while the situs of the arbitration was merely a minor consideration." *Id.* In addition, even if a clause is severable, the proponent of arbitration must show "how the parties intended to arbitrate" in the forum of the lawsuit. *Id.* at 334.

## III. OBJECTIONS

Defendant Espada objects to and asks the Court to set aside part of the Magistrate Judge's order dated December 2, 2019. Espada objects that the Magistrate Judge (1) refused to find an enforceable arbitration agreement by severing unenforceable provisions; (2) improperly relied on or misapplied *NIOC*, which Espada argues "is premised on fundamentally different facts" that are not reconciled with the Magistrate Judge's ruling; and (3) failed to address the fact that two separate severability provisions exist in the contract between the parties and that the parties agreed to arbitration rules that liberally permit revisions of arbitral details such as situs and choice of law. *See* ECF No. 69.

Espada does not object to any particular factual finding of the Magistrate Judge. Nor does Espada object to the Magistrate Judge's legal conclusion that the arbitration agreement at issue is unenforceable in its current form. It instead disagrees with the Magistrate Judge declining to sever portions of the arbitration provision to make it enforceable. This disagreement stems from its view that the Magistrate Judge ignored clear evidence showing that the intent was to arbitrate even if that meant severing part of the arbitration agreement.

Espada quarrels with the Magistrate Judge's view of the briefing that Espada had made no showing that the essence of the arbitration provision was the requirement of arbitration itself rather than arbitration specifically in London under English law. Although Espada suggests that the Magistrate Judge ignored material evidence, the issued order belies such suggestion. Not only did the Magistrate Judge conduct a hearing on the motion, but she considered the briefing of the parties, the governing law, and the entirety of the case file in reaching her decision to deny the motion to stay. The Magistrate Judge's order reflects thorough consideration of the requested stay. That a court order may not specifically recite every argument, statement, or evidentiary

submission is simply the practical effect of a court ruling on a pending motion. It is often impractical to expect an all-encompassing recitation of each material statement, argument, or submission.

Because Espada has not objected to the Magistrate Judge's finding that the arbitration agreement is unenforceable, that finding is not at issue. Espada's objections concern the Magistrate Judge's finding that the Court lacks authority to rewrite the international arbitration clause at issue and the application of *NIOC* on the facts of this case.[2] It contends that it has shown that the essence of the bargain was to arbitrate by identifying two separate severability provisions and the parties' agreement to apply arbitration rules that liberally allow for revision of arbitral details such as arbitration location and choice of law.

Based on her review of all the matters before her, the Magistrate Judge found that the contractual arbitration location was more than a minor consideration in the bargain for arbitration. While the relevant agreements included severability provisions and the parties agreed to arbitration rules that liberally allow for revision, the Court is confident that the Magistrate Judge considered all such matters when concluding that Espada had not shown the bargain's essence was to engage in arbitration. Notably, application of the LMAA arbitration rules to which the parties agreed to apply appears to support the Magistrate Judge's finding rather than detract from it. As was the case in *NIOC*, the importance of foreign law, a foreign location for arbitration, and application of foreign arbitration rules is self-evident from the language of the contractual agreements. And that importance belies Espada's stance that the foreign law and location for ar-

---

[2]The Court rejects Espada's position that the Magistrate Judge broadly held that courts may never rewrite an international arbitration clause. Reading the order, as a whole, shows that the Magistrate Judge found an inability to rewrite the contract specifically because Espada had not satisfied the requirement set out in *NIOC*. Nevertheless, under the principles set out in that case, the inclusion of a foreign situs for arbitration in addition to the application of foreign law in an arbitration provision may provide a sizeable obstacle for a party later seeking to show that such matters were minor considerations.

bitration were minor considerations. In any event, the Court sees no clearly erroneous factual component of the Magistrate Judge's finding. Nor does it perceive any legal error or abuse of discretion in finding that Espada had not made the showing required by *NIOC*.

The Court, furthermore, has reviewed *NIOC* and the Magistrate Judge's order and finds no legal error in applying the principles of that case to the facts of this case. While there are some factual dissimilarities between the facts here and those in *NIOC*, the Court finds no legal error in applying that case when there is no binding precedent that more directly applies. Espada provides no such binding precedent to apply. It instead provides two cases from the Southern District of Texas which it contends exhibit the correct result. Neither case, however, involves application of foreign law in a foreign situs chosen for arbitration. Nor does either case require consideration of any aspect of the Convention. These are important, if not essential, factors in deciding whether to apply the principles set out in *NIOC*. Moreover, it is the essence of discretion to determine which case to apply when there is no binding authority directly on point.[3] *See Commodities Exp. Co. v. Detroit Int'l Bridge Co.*, 695 F.3d 518, 528 (6th Cir. 2012) (addressing non-binding state decision).

Similarly, it is often a matter of discretion whether to apply an otherwise binding case when there are factual differences. Some factual differences simply make no legal difference to a case's applicability and in those circumstances, there may be legal error or an abuse of discretion in not applying the case. But when factual differences may or may not make a legal difference, judges exercise their discretion as to whether to apply the case. Because the Magistrate Judge applied *NIOC*, it does not matter for purposes of this review whether she concluded that the fac-

---

[3]The Court notes that, in a recently filed motion to compel arbitration, Espada essentially reiterates many of its objections to the Magistrate Judge's ruling on the motion to stay and includes other cases that it submits as binding precedent. But none of the cited authorities involve an international arbitration provision or severance of any provision for a foreign location for arbitration or application of foreign law. The newly cited caselaw does not render the Magistrate Judge's decision to apply *NIOC* erroneous – either factually or legally.

tual differences simply make no legal difference to the applicability of that case or whether she recognized that such differences could make a difference in some cases, but through the exercise of her discretion she concluded that they make no difference here.

In this instance, it was certainly within the discretion of the Magistrate Judge to apply *NIOC* to the present facts. The Court disagrees that the facts in *NIOC* are so different than those in this case such that the Magistrate Judge committed any factual or legal error in applying it. To the contrary, with respect to severing portions of the arbitration provision, the Magistrate Judge reasonably relied on *NIOC* to decline to sever and rewrite the arbitration agreement.

Espada expresses confusion as to whether the Magistrate Judge holds the Convention completely inapplicable or merely unavailable to compel arbitration. It contends that, if the Convention does not apply, then the FAA applies, and the two have overlapping coverage to the extent they do not conflict.

The Magistrate Judge recognized the applicability of the FAA. The FAA, furthermore, provides for staying proceedings when an issue is "referable to arbitration." *See* 9 U.S.C. § 3. And such stay would be "until such arbitration has been had in accordance with the terms of the agreement." *See id.* Similarly, when addressing a motion to compel arbitration, "the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed." *See id.* § 4.

Given the unenforceability of the arbitration provision as found by the Magistrate Judge and lack of legal error or abuse of discretion regarding the decision not to sever or rewrite that provision, the Court finds no basis to disturb the Magistrate Judge's order. As was the case in *NIOC*, no party has informed the Court as to how the parties intended to arbitrate other than in

8

the foreign location. Nothing indicates that the contract contemplates arbitration in Texas. In light of the application of *NIOC* to the facts of this case there is no basis for a stay under the Convention or the FAA.

Moreover, entry of a stay pending arbitration in Texas is contrary to the express request of Espada for a stay. Through its motion, Espada simply requests a stay based upon "currently pending arbitration." There is no Texas arbitration pending involving the parties. The only pending arbitration proceedings are in England where Espada initiated them, but until recently, had not sought to compel LeJeune to participate in arbitration.

## IV. CONCLUSION

In summary, under the highly deferential standard of review set out in Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), the Court, after reviewing all relevant material, has no definite or firm conviction that the Magistrate Judge committed any factual mistake on the motion for stay. After conducting a de novo review of the legal conclusions objected to by Espada, the Court finds no error. And for that vast area within the discretion of the Magistrate Judge, the Court discerns no abuse of discretion. In short, it finds nothing in the order either clearly erroneous or contrary to law. Accordingly, it **OVERRULES** *Defendant Espada Logistics and Security Group, LLC's Objections to Magistrate's Order on Defendant's Motion to Stay and Request for Modifications* (ECF No. 69).

SIGNED this 16th day of January, 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE