IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EJ LEJEUNE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARY SITUATED, ET AL., | § § § § § § § § § § § § § § § § | SA-19-CV-00286-JKP |
| *Plaintiffs,* | | |
| vs. | | |
| COBRA ACQUISITIONS, LLC, ESPADA LOGISTICS AND SECURITY GROUP, LLC, ESPADA CARIBBEAN, LLC, JAMES JORRIE, JENNIFER GAY JORRIE, | | |
| *Defendants.* | | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiffs' Motion for a Protective Order Related to Opt-In Discovery [#142]. This case is a certified collective action arising under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), and was referred to the undersigned for all non-dispositive pretrial proceedings. The undersigned therefore has authority to enter this Order pursuant to 28 U.S.C. § 636(b)(1)(A). The Court held a hearing on the motion on March 2, 2021, at which all parties appeared telephonically through counsel. At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order.

By their motion, Plaintiffs ask the Court to limit written discovery to no more than 10% of the FLSA class, to limit the number of written discovery requests sent to each opt-in Plaintiff, and to require the parties to confer on how representative plaintiffs are selected for written discovery. The parties conferred on the motion prior to the Court's hearing and were able to narrow their dispute. The parties agreed to a total sample size of 40 individuals to respond to representative discovery out of the 272 Plaintiffs who are participating in this litigation (15% of

1

the class). This group is inclusive of the lead Plaintiff, EJ LeJeune, and the eight opt-in Plaintiffs who provided written declarations in support of Plaintiff's motion for conditional certification. The parties agreed that Plaintiffs will choose 20 of the 40 individuals; Defendant Cobra Acquisitions LLC will choose 10 of the 40 individuals; and the Espada Defendants (Espada Logistics and Security Group, LLC, Espada Caribbean LLC, James Jorrie, and Jennifer Gay Jorrie) will choose the remaining 10 individuals. Cobra will include the eight declarants in its allotment of opt-in Plaintiffs so long as Plaintiffs and the Espada Defendants collectively select at least nine additional medic personnel as part of the sample, with Espada agreeing to select three of the nine. Each of these 40 Plaintiffs will receive and may serve discovery.

The parties continue to disagree, however, as to how much written discovery may be served. Plaintiffs ask the Court to limit written discovery to a total of eight interrogatories and 10 document requests collectively for all Defendants. Rule 26 of the Federal Rules of Civil Procedure allows a court to limit discovery otherwise permitted under the rules if it determines that (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the discovery is outside the scope otherwise permitted under the rules. Fed. R. Civ. P. 26(b)(2)(C). Plaintiffs bear the burden to establish that the discovery is cumulative or burdensome. *English v. Tex. Farm Bureau Corp.*, 462 F. Supp. 3d 667, 669 (W.D. Tex. 2020).

Plaintiffs argue that allowing both Cobra and the Espada Defendants to each serve the full allotment of discovery would subject the opt-in Plaintiffs to an undue burden and is not proportional to the needs of this case. Defendants respond that this FLSA action alleges the misclassification of Plaintiffs as independent contractors, which necessitates individualized

discovery to defend the merits of these claims and to obtain information necessary to file a motion for decertification of the collective action.

Cobra has already served 13 interrogatories and 25 documents requests on the representative class. The Court has reviewed this discovery and concludes that it is relevant and proportional to the needs of this case. The Espada Defendants have not yet served any written discovery but agreed at the hearing that much of the discovery sought by Cobra is relevant to their defenses and they do not wish to serve cumulative discovery, so long as they are permitted to rely on the discovery produced in response to Cobra's interrogatories and requests for production. Additionally, Cobra's outstanding discovery requests responses and documents relate not just to Cobra but also to the Espada Defendants.

In light of these representations and the existing record in this case, the Court declines to strike the outstanding discovery served by Cobra. The Court will instead limit the additional discovery that Defendants may serve. Cobra may not serve (and is not requesting to serve) additional interrogatories or requests for production. The Espada Defendants may serve eight additional interrogatories and 10 additional document requests. No additional written discovery may be propounded by Defendants on Plaintiffs except by agreement or after securing leave of Court. The Court will instruct the parties to confer on the timing of this additional written discovery.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for a Protective Order Related to Opt-In Discovery [#142] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the agreed pool of 40 representative Plaintiffs each respond to the outstanding written discovery served by Defendant Cobra Acquisitions, LLC.

**IT IS FURTHER ORDERED** that the Espada Defendants are collectively limited to eight additional interrogatories and 10 additional document requests to be served on each of the 40 representative Plaintiffs.

**IT IS FINALLY ORDERED** that the parties confer on the timing of the service of the additional discovery by the Espada Defendants.

SIGNED this 3rd day of March, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE