UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

EJ LEJEUNE, Individually and on
Behalf of all Others Similarly Situated,
et al.,

    *Plaintiffs*,

v.                                                CIVIL NO. SA-19-CV-0286-JKP

COBRA ACQUISITIONS, LLC,
et al.,

    *Defendants*.

### ORDER ACCEPTING VOLUNTARY DISMISSAL, DISMISSING THIS ACTION WITH PREJUDICE, AND RETAINING JURISDICTION TO ENFORCE SETTLEMENT

Before the Court is an untitled document docketed by counsel as a *Stipulation of Dismissal with Prejudice* (ECF No. 160). The document states in full:

> Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Named Plaintiff EJ LeJeune, on behalf of himself and all others who opted into this lawsuit (collectively "Plaintiffs"), and Cobra Acquisitions LLC; Espada Logistics and Security Group, LLC; Espada Caribbean LLC; James Jorrie; and Jennifer Gay Jorrie (collectively "Defendants"), by and through their undersigned counsel of record, stipulate that Plaintiffs voluntarily dismiss this action with prejudice as to Defendants.
>
> The Court shall retain jurisdiction as to enforcement of the Settlement Agreements.

*See* ECF No. 160. Attorneys for all parties have signed the document. The document also contains a signature block for the undersigned to sign. Counsel recently contacted the Court asking it to issue an order accepting the stipulation and closing the case. Counsel stated that the parties' settlement agreements provide some deadlines that run from the court order closing the case. The Court understands the parties filed the stipulation in error and intended to file a Joint Motion to Dismiss.

Some explanation of Rule 41(a)(1) is necessary. Clerk's office personnel closed this case

upon the filing of the stipulation of the parties. This appears entirely consistent with Fed. R. Civ. P. 41(a)(1)(A)(ii), which permits a plaintiff to dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared."

In general, stipulations filed pursuant to Rule 41 are considered self-executing. *See Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020); *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 415-16 (5th Cir. 2018). But the rule itself carves out exceptions. Rule 41(a)(1) is expressly "[s]ubject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute." No cited rule requires judicial approval or makes Rule 41(a)(1) inapplicable under the circumstances in this case. Thus, Rule 41(a)(1)(A) applies by its terms unless an applicable federal statute prohibits reliance upon it or subjects the voluntary dismissal to judicial approval. The FLSA is the only federal statute raised in the pleadings and does not require judicial approval or make Rule 41(a)(1) inapplicable under the circumstances in this case.[1]

In this case, the parties filed an unconditional stipulation of dismissal. *See* ECF No. 160. Fifth Circuit precedent states stipulations filed pursuant to Rule 41(a)(1)(A)(ii) "take effect when *filed* and do not require an order of the court" by the rule's own terms. *Meinecke v. H & R Block of Houston*, 66 F.3d 77, 82 (5th Cir. 1995).[2]

---

[1] Fifth Circuit precedent does not require mandatory judicial approval of all FLSA settlements. Granted, in general, judicial approval is needed before parties resolve FLSA actions privately. *See Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015). However, two circumstances do not require judicial approval: (1) a bona fide dispute about hours worked or compensation owed and (2) the settlement or resolution provides employees with "everything to which they are entitled under the FLSA at the time the agreement is reached." *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 255 (5th Cir. 2012) (quoting *Thomas v. Louisiana*, 534 F.2d 613, 615 (5th Cir. 1976)). *Martin* provides an exception to the general rule. *See Bodle*, 788 F.3d at 165. Moreover, at least when FLSA plaintiffs are "benefitting from legal counsel" and settle their dispute within the context of a lawsuit, *Martin* rejected the proposition that FLSA plaintiffs must obtain judicial approval before privately resolving their claims. *See* 688 F.3d at 256 n.10 (rejecting mandatory judicial approval required in *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

[2] The Fifth Circuit thus held that the "district court's order approving the dismissal is of no consequence" and that, following the filing of such a stipulation, "any further actions by the court [are] superfluous." *Meinecke*, 66 F.3d at 82. The Circuit has reiterated these principles in the intervening years. *See, e.g., Def. Distributed*, 947 F.3d at 873 (holding that district court had no jurisdiction to enter final judgment following the filing of a Rule 41(a)(1)(A)(ii) stipulation and that a party cannot rely on Fed. R. Civ. P. 59(e) "to revive and initiate further proceedings in a dismissed lawsuit"); *Nat'l City Golf Fin.*, 899 F.3d at 417 (recognizing that when "parties unconditionally dismiss their case,

Accordingly, this Court's "jurisdiction over a case that is settled and voluntarily dismissed by stipulation cannot extend past the filing date absent an express contingency or extension of jurisdiction." *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461 (5th Cir. 2010). Although the Court finds no express contingency within the filed stipulation, the stipulation does include a potential basis for extending jurisdiction to enforce the Settlement Agreements. One requirement for retaining jurisdiction to enforce the settlement agreements is that "all parties must agree to such jurisdiction." *Id*. at 463. The filed stipulation satisfies this requirement. Consistent with *SmallBizPros*, the filed stipulation "used explicit 'retention of jurisdiction' language." *See id*. at 464.

Based on the filed stipulation, the Court hereby **ACCEPTS** the voluntary dismissal of this action and **ORDERS** that this action is **DISMISSED** with prejudice as to Defendants. Furthermore, by separate provision, the Court hereby **RETAINS** jurisdiction to enforce the Settlement Agreements. This is the case-closing order anticipated by the parties and their settlement papers.

**IT IS SO ORDERED this 17th day of February 2022.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**

---

'the [s]tipulation's effectiveness [i]s immediate' and the case is over" subject to a motion under Fed. R. Civ. P. 60(b)); *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461-63 (5th Cir. 2010) (recognizing the applicability of such principles except in special circumstances).